REES F. MORGAN (CA State Bar No. 229899)
ef-rfm@cpdb.com
SEAN P.J. COYLE (CA State Bar No. 233039)
ef-spc@cpdb.com
MARCIA V. VALENTE (CA State Bar No. 321852)
ef-mvv@cpdb.com
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California  94104-5500
Telephone:  415.391.4800
Facsimile:   415.989.1663

Attorneys for Defendant
YIHOU HAN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>YIHOU HAN,<br><br>　　　　Defendant. | CASE NO. 2:21-cr-20256-LVP-DRG-1<br><br>**AMENDED MOTION TO FILE PORTIONS OF THE SENTENCING MEMORANDUM OF YIHOU HAN AND ACCOMPANYING DOCUMENTS UNDER SEAL**<br><br>Judge: Honorable Linda V. Parker<br>Sentencing Date: October 1, 2024 |

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................4

ARGUMENT ..........................................................................................................6

    I.    THE COURT SHOULD ISSUE AN ORDER SEALING THE CONFIDENTIAL AND SENSITIVE INFORMATION IN THE SENTENCING MEMORANDUM AND SUPPORTING MATERIALS. ...............................................................................6

        A.    Legal Standard for Sealing. ......................................................6

        B.    Confidential and Sensitive Information About Ms. Han and Third Parties Is Entitled to Protection. ...............................7

        C.    The Sealing Order Is Narrowly Tailored. .................................9

CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Doe v. Plymouth-Canton Cmty. Sch.*,
    No. 19-10166, 2021 WL 5541939 (E.D. Mich. Jan. 12, 2021) ........................... 8

*In re Knoxville News-Sentinel Co., Inc.*,
    723 F.2d 470 (6th Cir. 1983) ......................................................................... 6, 9

*Nixon v. Warner Communications, Inc.*,
    435 U.S. 589 (1978) ....................................................................................... 6, 9

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,
    825 F.3d 299 (6th Cir. 2016) ......................................................................... 7, 8

*United States v. Nallani*,
    No. 11-CR-20365, 2016 WL 4138227 (E.D. Mich. Aug. 3, 2016) ..................... 8

*United States v. Sattar*,
    471 F. Supp. 2d 380 (S.D.N.Y. 2006) ............................................................... 8

**Other Authorities**

Federal Rule of Criminal Procedure 49.1 ............................................................... 7

Local Rule 1.1(c) ....................................................................................................... 6

Local Rule 5.3 ...................................................................................................... 4, 6

Local Rule 5.3(b)(3)(A)(i) ........................................................................................ 6

Local Rule 5.3(b)(3)(A)(iv) ...................................................................................... 6

Local Rule 5.3(b)(3)(A)(v) ....................................................................................... 4

Local Rule 5.3(b)(3)(A)(vi) ...................................................................................... 4

Pursuant to Local Rule 5.3, Defendant Yihou Han, by and through undersigned counsel, respectfully moves this Court for an order sealing (1) portions of Ms. Han's Sentencing Memorandum, and (2) portions of Exhibits A–B submitted with the Declaration of Marcia V. Valente in Support of Ms. Han's Sentencing Memorandum.[1]

## INTRODUCTION

The Court is set to sentence Ms. Han on October 1, 2024. In advance of sentencing, the parties filed motions to file sentencing memorandums under seal, which the Court denied on August 22, 2024. (ECF Nos. 29, 32, 36.) The Court subsequently ordered that renewed motions to seal be filed on or before September 20, 2024.

Ms. Han now moves the Court for an Order sealing limited portions of the Sentencing Memorandum and Exhibits A–B. As explained below, controlling legal authority supports sealing here because doing so would prevent clear and serious injury to privacy interests, without unduly burdening the public interest in accessing court records.

Table 1 below presents the information that Ms. Han asks the Court to seal, along with the bases for sealing and other facts to assist the Court in its evaluation.

---

[1] Pursuant to Local Rule 5.3, redacted and unredacted copies of the material sought to be sealed are attached as exhibits to this motion. E.D. Mich. LR 5.3(b)(3)(A)(v), (vi).

The government has informed counsel for Ms. Han that it consents to the sealing of information listed in Table 1, except for information concerning Scott Seligman as to which it takes no position.

*Table 1 – Description of Information to be Sealed and Bases for Sealing*

| Document | Limited Redactions | Basis for Sealing | Known non-party privacy interests affected |
|---|---|---|---|
| Sentencing Memorandum | Excerpts on pp. 2, 10, 12–13, 15–17, 19–21 | Contains confidential and sensitive information about Ms. Han and third parties. | Ms. Han's family, ex-husband, and Scott Seligman |
| Sentencing Memorandum | Excerpts on pp. 22, 27 | Contains confidential and sensitive health and medical information about Ms. Han. | N/A |
| Ex. A (Letters of Support) | Excerpts in Tab Nos. 1–4, 6–8, 10–20 | Contains personal identifying information and a minor child's name. | Ms. Han's family and friends |
| Ex. B (Yihou Han Letter) | Excerpts on pp. 1–6 | Contains confidential and sensitive information about Ms. Han and third parties. | Ms. Han's family, ex-husband, and Scott Seligman |
| Ex. B (Yihou Han Letter) | Excerpts on pp. 4–5 | Contains confidential and sensitive health and medical information about Ms. Han. | N/A |

# ARGUMENT

I. **The Court Should Issue an Order Sealing the Confidential and Sensitive Information in the Sentencing Memorandum and Supporting Materials.**

   A. **Legal Standard for Sealing.**

Although federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents," that right is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). "Trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (cleaned up).

Local Rule 5.3 encompasses the requirements and procedures for moving to seal set forth in Supreme Court and Sixth Circuit precedent for criminal matters in this District. *See* E.D. Mich. LR 1.1(c) (indicating that "[t]hese rules apply in civil and criminal actions"); E.D. Mich. LCrR 1.1 (providing that "the general local rules apply to criminal actions"). This rule requires a party moving to seal to identify the privacy interests that may be affected if the documents sought to be sealed were publicly disclosed. E.D. Mich. LR 5.3(b)(3)(A)(i). Additionally, the movant must provide "a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority[.]" *Id.* 5.3(b)(3)(A)(iv).

The Sixth Circuit has further advised that the party seeking to seal documents or a court record must (1) detail the necessity and legal support for sealing, (2) explain why the need for privacy outweighs the public's right to access, and (3) ensure the request is limited in its scope. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016). Ms. Han's request meets this burden.

### B. Confidential and Sensitive Information About Ms. Han and Third Parties Is Entitled to Protection.

The Sentencing Memorandum and Exhibit A–B contain private and sensitive information regarding Ms. Han, her family, and other third parties, which is entitled to protection. The privacy interests in this information are substantial and outweigh any public interest in disclosure. The public has no legitimate interest in this information, and the sealing is narrowly tailored to preserve the compelling privacy interests.

As an initial matter, Federal Rule of Criminal Procedure 49.1 requires the redaction of the personal identifying information ("PII"). Rule 49.1 protects the privacy of information in court filings by requiring the redaction of certain PII, which includes the personal contact information of third parties and the name of Ms. Han's minor child in Exhibits A–B.

Information about Ms. Han's family in the Sentencing Memorandum and Exhibit B is entitled to protection because "[t]here is no reason to believe that the

details of these highly-personal family matters have otherwise been disclosed, and the disclosure of these matters would not promote any of the values associated with public scrutiny of the sentencing process." *United States v. Sattar*, 471 F. Supp. 2d 380, 388 (S.D.N.Y. 2006). When the court must strike a balance between the public's interest in full disclosure of judicial proceedings and the interests of litigants in keeping information confidential to protect the privacy and the integrity of their affairs, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane Grp.,* 825 F.3d at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also United States v. Nallani*, No. 11-CR-20365, 2016 WL 4138227, at *3 (E.D. Mich. Aug. 3, 2016) ("[F]amily affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.") (quoting *Amodeo*, 71 F.3d at 1051.) Here, the balance of interests justifies withholding the sensitive information about Ms. Han's family in the Sentencing Memorandum and Exhibit B.

Ms. Han's own privacy interests justify the redaction of confidential health and medical information in the Sentencing Memorandum and Exhibits A–B. This information warrants sealing because medical information is universally presumed to be private, and the public does not need to access this information to understand the arguments made by the parties. *See Doe v. Plymouth-Canton Cmty. Sch.*,

No. 19-10166, 2021 WL 5541939, at *2 (E.D. Mich. Jan. 12, 2021) (allowing medical information to be sealed where the public did not need to view it "to comprehend the events giving rise to [the] dispute" or the arguments made by the parties). Sealing private health information outweighs any interest in disclosure and serves the strong policy of protecting health information.

As for information regarding Ms. Han's ex-husband and Scott Seligman, protecting their expectation of privacy as non-parties provides a compelling reason for nondisclosure. *See Knoxville News-Sentinel*, 723 F.2d at 476–77 (finding a non-party's justifiable expectation of privacy as sufficiently compelling to justify nondisclosure). Disclosure of this information may only serve to "gratify private spite or promote public scandal," and courts have "refused to permit their files to serve as reservoirs of libelous statements for press consumption." *Nixon*, 435 U.S. at 598 (cleaned up). The public has no legitimate interest in this information.

### C. The Sealing Order Is Narrowly Tailored.

Ms. Han also satisfies the third *Shane Group* factor, namely, why the seal itself is no broader than necessary. Ms. Han only seeks to redact limited portions of the Sentencing Memorandum and Exhibits A–B, and not the documents in their entirety. The motion is narrowly tailored to cover only the sensitive information. Accordingly, Ms. Han has met the third *Shane Group* factor.

## CONCLUSION

For the foregoing reasons, Ms. Han respectfully requests that the Court grant the Motion and issue an order sealing limited portions of the Sentencing Memorandum and Exhibits A–B as detailed above.

DATED: September 20, 2024        COBLENTZ PATCH DUFFY & BASS LLP


*/s/ Marcia Valadez Valente*
Marcia Valadez Valente
Attorneys for Defendant
YIHOU HAN