## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

YIHOU HAN,

               Defendant.

Case  No.  2:21-cr-20256-LVP-DRG-1

Judge:  Honorable Linda V. Parker

## GOVERNMENT'S SENTENCING RECOMMENDATION

The United States of America, by and through the United States Department of Justice, files its sentencing recommendation regarding defendant Yihou Han.

The government's sentencing recommendation is based upon the attached memorandum, the plea agreement (ECF No. 11), the presentence investigation report (ECF No. 31, "PSR"), the files and records in this case, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

The government reserves the right to file any supplemental sentencing recommendation that may be necessary.

Dated:  September 23, 2024          Respectfully submitted,

                                    GLENN S. LEON
                                    Chief
                                    United States Department of Justice
                                    Criminal Division, Fraud Section

By:  */s/ Amanda F. Lingwood*
                                    AMANDA FRETTO LINGWOOD
                                    Trial Attorney
                                    United States Department of Justice
                                    Criminal Division, Fraud Section
                                    1400 New York Ave., N.W.
                                    Washington, D.C. 20005
                                    Amanda.Fretto.Lingwood@usdoj.gov

## **TABLE OF CONTENTS**

I.  Introduction ................................................................................................ 4

II.  Sentencing Factors Under 18 U.S.C. § 3553(a) ..................................... 6

   1. The nature and circumstances of the offense and the history
    and characteristics of the defendant. .................................................. 6

   2. The recommended sentence reflects the seriousness of the
    offense, promotes respect for the law, and provides just
    punishment for the offense ................................................................... 8

   3. The recommended sentence affords adequate deterrence to
    criminal conduct .................................................................................. 9

   4. The recommended sentence protects the public from further
    crimes of the defendant. ..................................................................... 10

   5. The recommended sentence provides the defendant with
    needed educational or vocational training, medical care, or
    other correctional treatment in the most effective manner. .............. 11

III.  Conclusion ............................................................................................... 11

## I. <u>Introduction</u>

The government respectfully submits this sentencing recommendation regarding defendant YIHOU HAN ("Ms. Han").  Over three years ago—on or about May 19, 2021—Ms. Han pleaded guilty to an Information charging her with conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349.

As part of her plea, Ms. Han agreed to cooperate with the government.  Without hesitation, Ms. Han has lived up to her end of the bargain.  Ms. Han has met with the government whenever and wherever the government has requested, not only including meetings with the United States Department of Justice, but also with the Office of the Comptroller of the Currency ("OCC")—a separate federal agency conducting a parallel investigation into misconduct somewhat related to the misconduct investigated by the government.

Overall, between approximately February 2021 and September 2023, Ms. Han met with combinations of the government and the OCC on at least eight occasions.  At each meeting, the government submits that Ms. Han was prompt and timely, candid, forthright, and expressed contrition repeatedly for her misconduct.  Moreover, the information that Ms. Han provided about her misconduct substantially assisted the government in its investigation and prosecution of Sterling Bancorp, Inc. ("Sterling")—the parent entity of Ms. Han's former employer, Sterling Bank & Trust, FSB.  In and around April 2023, Sterling entered a corporate guilty plea to securities fraud and agreed to pay restitution of more than $27.2 million to non-insider victim

4

shareholders.  *See United States v. Sterling Bancorp, Inc.*, 2:23-cr-20174-LVP-DRG (E.D. Mich.).  Information Ms. Han provided to the government was an important part of that result.

Ms. Han's PSR calculates her total offense level as 24.  Ms. Han's substantial assistance, however, merits an additional reduction in her total offense level.  In particular, the government respectfully moves the Court under U.S.S.G. § 5K1.1 for a 14-level downward departure.  If accepted by the Court, which the government urges, Ms. Han's total offense level would be 10, commensurate with an advisory sentence of 6 to 12 months of incarceration.  After applying the sentencing factors that the Court must consider under 18 U.S.C. § 3553(a), as analyzed below, the government recommends that the Court sentence Ms. Han to (i) 36 months of probation, with the special condition of 6 months of home detention as substitute imprisonment (*see* U.S.S.G. § 5C1.1(c)(3)); and (ii) a monetary component, reduced by any state and federal taxes already paid.[1]

---

[1] Ms. Han admitted to earning approximately $3,381,355 in commissions, which consisted primarily of commissions earned through the origination of fraudulent loans. *See* ECF No. 11 (Plea Agreement) at 19.  The plea agreement does not indicate whether Ms. Han paid state or federal taxes on this amount.  To offset Ms. Han's net profit as much as possible, the government agrees that any monetary penalty should take into account any state and federal taxes that Ms. Han has already paid. The probation officer found that Ms. Han has a negative monthly cash flow and stated that it appears the defendant could pay a fine.  *See* ECF No. 31 (PSR) at ¶88.

## II.   **Sentencing Factors Under 18 U.S.C. § 3553(a)**

      1.    The nature and circumstances of the offense and the history and characteristics of the defendant.

Ms. Han served as a loan officer at Sterling's financial institution, Sterling Bank & Trust FSB, from in and around 2011 through in or around 2017.  In or around 2017, she was promoted to Vice President, and in or around 2018, she was promoted to Managing Director for Residential Lending.  From in or around 2011 through in or around 2019, she falsified residential mortgage loan applications (under a program called the Advantage Loan Program, or "ALP") largely on behalf of borrowers in the Asian-American community who did not have sufficient documentation to support their obtaining of a loan from a larger financial institution, but who otherwise had income from undocumented sources to repay their loan in full and on time.[2]  Based generally on the volume of fraudulent loans she originated, Ms. Han earned approximately $3.3 million in commissions over the course of her scheme.

That said, these loans were lucrative for Sterling, both because of the above-market interest rates that loan borrowers were willing to pay Sterling (given that the prospective borrowers did not have sufficient documentation to obtain a lower interest loan from a larger financial institution), and because these borrowers in fact had

---

[2] To date, the government has no reason to believe that these such borrowers were engaged in inherently illegal underlying activity, but rather operated or were employed in cash businesses.

6

sufficient income and cultural motivation[3] to meet the loan repayment deadlines.  In fact, nearly all the loans generated by Ms. Han were repaid on time, in full, and with interest.  As a result, Sterling incurred little-to-no direct pecuniary loss from Ms. Han's scheme; to the contrary, Sterling largely profited.[4]

As to Ms. Han's history and characteristics, Ms. Han is not known to have committed any crimes before engaging in this scheme.  The PSR reports that Ms. Han was born in China and became a naturalized United States citizen in 2009.  PSR at ¶¶ 57-59.  Since then, Ms. Han has resided in California and, on February 8, 2024, gave birth to her first child.  Ms. Han reported in the PSR that she recognizes how this prosecution has and will impact herself and her family (*id.* at ¶¶ 21-22), much like the contrition and remorse that Ms. Han expressed in her meetings with the government.  From the time that Ms. Han was released on bond with pretrial supervision, she has complied with all Court-ordered conditions of release.  In summary, the nature and circumstances of Ms. Han's offense seem anomalous when viewed in context of her otherwise law abiding and exemplary life, all of which counsels for a sentence at the low-end of the applicable guideline range and other conditions recommended by the government.

---

[3] Several witnesses have told the government about a heightened importance in the Asian community to repay outstanding debt timely, especially when such debt is associated with personal real estate like one's home.

[4] To this point, the plea agreement reflects the parties' stipulation that restitution should not be ordered because, under 18 U.S.C. § 3663(c)(3)(B), determining complex issues of fact related to the cause or amount of the victim's [*i.e.*, the bank's] losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

2.    The recommended sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense.

Although Ms. Han admitted to a multi-year bank fraud scheme, her admissions tell only part of the story.  The other part of the story, as noted above, is that her fraud scheme caused largely no direct pecuniary loss to Sterling.

Ms. Han did not steal other people's money through lies and deception; and despite her pleading guilty to bank fraud involving her financial institution, that same financial institution later pleaded guilty to securities fraud for misconduct only partially overlapping with Ms. Han's misconduct.  Since then, the OCC has taken enforcement actions against several higher-level bank employees (including executives) for failures related to the ALP.[5]  To be clear, those executives have not been accused of engaging in fraud nor should anyone draw any inference whatsoever to that end; nevertheless, the OCC's enforcement actions against those individuals adds context to Ms. Han's misconduct—lest the Court or the public be left with the misimpression that Ms. Han's misconduct occurred in a vacuum.

Moreover, Ms. Han's willingness to cooperate quickly with the government should be commended; the sentence recommended by the government will promote respect for the law and provide just punishment by showing that individuals who take responsibility for their misconduct and cooperate fully with the government can find a

---

[5] *See, e.g.*, "OCC Announces Enforcement Actions for February 2024," available at: https://www.occ.gov/news-issuances/news-releases/2024/nr-occ-2024-15.html (last visited Feb. 18, 2024).

pathway toward avoiding significant incarceration (underscoring the importance to the government of cooperators, particularly in white-collar criminal investigations), while also showing that financial crime doesn't pay—thus, the basis for the government's recommendation of a monetary penalty. All these factors counsel for the government's recommended sentence.

3. The recommended sentence affords adequate deterrence to criminal conduct.

As to specific deterrence, the government submits that Ms. Han's actions since her misconduct came to light (all of which seems corroborated and supported by information in the PSR) indicates strongly that Ms. Han is unlikely to engage in criminal misconduct in the future, and that a sentence at the low end of the applicable Guidelines range along with the other conditions recommended by the government will more than adequately deter Ms. Han from engaging in future criminal misconduct.

As to general deterrence, as noted above, the government's recommended sentence demonstrates that white-collar offenders can find a pathway toward avoiding significant incarceration if they cooperate fully and early, but also shows that white-collar crime doesn't pay by depriving Ms. Han of her ill-gotten gains from this offense. White-collar prosecutions can be enhanced significantly when defendants choose cooperation; the government submits that its recommended sentence encourages and balances appropriately Ms. Han's cooperation in this case, which provided substantial assistance in the government's prosecution of Sterling—a case with far more tangible benefits for an identifiable group of victims, namely, certain Sterling stockholders who

lost the value of their stock when the fraud in Sterling's ALP came to light.[6]  In that case, Sterling agreed to restitution of more than $27.2 million to non-insider victim-shareholders.  While Ms. Han's misconduct overlapped only in part with that case, her efforts to cooperate with the government still provided substantial assistance in connection with the government's ability to bring that case and obtain restitution.  Given the broader context of Ms. Han's misconduct and her substantial assistance to the government, the government's recommended sentence is appropriate.

> 4.    The recommended sentence protects the public from further crimes of the defendant.

There is no reason to believe that Ms. Han will commit any future criminal offenses.  Ms. Han has expressed repeated remorse for her misconduct, which the government has no reason to doubt is genuine.

Additionally, the government's recommendation that Ms. Han be supervised for the next three years, if imposed, will help ensure that Ms. Han keeps her life in order while continuing to pursue lawful ways to make a living.  While under supervision, the public will be protected reasonably from the possibility of further crimes, however remote, of Ms. Han.

---

[6] *See* "Sterling Bancorp, Inc. to Plead Guilty to $69M Securities Fraud," available at: https://www.justice.gov/opa/pr/sterling-bancorp-inc-plead-guilty-69m-securities-fraud (last visited Feb. 18, 2024).

5.     The recommended sentence provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Ms. Han completed high school and attended college for three years in China, she worked in the airline, restaurant and travel industries, and she worked as a bank teller for Sterling before her misconduct.  PSR at ¶¶ 11.  While Ms. Han may find difficultly in seeking professionally licensed positions moving forward, Ms. Han has found ways in her life to be financially and personally successful outside of committing fraud.  To best ensure that Ms. Han finds her way in life again, a lengthier period of supervision seems as though it will have a more beneficial impact for Ms. Han and society than any period of incarceration.  During this time, Ms. Han's probation officer can make sure that Ms. Han remains focused on finding gainful employment so that she can be a productive member of society while earning income through lawful means to pay down any monetary judgment imposed by this Court.  For these reasons, the government submits that its recommended sentence is just and fair.

## III.   <u>Conclusion</u>

For the reasons above, the government respectfully recommends that the Court sentence Ms. Han to (i) 36 months of probation, with the special condition of 6 months of home detention as substitute imprisonment; and (ii) a monetary component, reduced by any state and federal taxes already paid.  The government submits that this sentence

is sufficient, but not greater than necessary, to comply with the sentencing purposes

set forth under 18 U.S.C. § 3553.

Dated:  September 23, 2024        Respectfully submitted,

                                 GLENN S. LEON
                                 Chief
                                 United States Department of Justice
                                 Criminal Division, Fraud Section

                          By:  */s/Amanda F. Lingwood*
                               AMANDA FRETTO LINGWOOD
                               Trial Attorney
                               United States Department of Justice
                               Criminal Division, Fraud Section
                               1400 New York Ave., N.W.
                               Washington, D.C. 20005