UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

YIHOU HAN,

        Defendant.
_____/

Case No. 21-cr-20256
Honorable Linda V. Parker

**OPINION AND ORDER GRANTING DEFENDANT'S AMENDED MOTION TO SEAL PORTIONS OF THE SENTENCING MEMORANDUM AND ACCOMPANYING DOCUMENTS UNDER SEAL (ECF NO. 37)**

On August 22, 2024, this Court denied without prejudice motions by the United States and Defendant Yihou Han to file sentencing memorandums under seal. (ECF Nos. 29 & 32.) The Court denied the motions because the parties did not comply with Supreme Court and Sixth Circuit precedent and Eastern District of Michigan Local Rule 5.3. The Court set the deadline to submit renewed motions for September 20, 2024. Defendant submitted an Amended Motion to File Portions of the Sentencing Memorandum and Accompanying Documents Under Seal. (ECF 37.)

In the motion, Defendant provides a table listing the information she seeks to redact from the submitted materials, along with an explanation for the redactions. The Government has informed defense counsel that it consents to the sealing of

information listed in the table, except for information concerning Scott Seligman as to which it takes no position. The Government filed its sentencing memorandum on the public docket on September 23, 2024. (ECF No 39.)

## Applicable Law

As referenced in the Court's August 22, 2024 Order, it is well established that the public and press have a right to access court proceedings and records, which is protected by the common law and/or the First Amendment. *Brown & Williamson Tobacco Corp. v. FTC,* 710 F. 2d 1165, 1177 (1983). "That interest rests on several grounds[,]" including the public's "entitle[ment] to assess for itself the merits of judicial decisions" and its "interest in ascertaining what evidence and records the [d]istrict [c]ourt[s] and [courts of appeals] have relied upon in reaching [their] decisions." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citations omitted). Therefore, when evaluating requests to seal, courts must consider the rights of the public and press, even when there is no objection from the nonmoving party. *See In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983); *Rudd Equip. Co. v. John Deere Constr. & Forestry*, 834 F.3d 589, 595 (6th Cir. 2016).

There is a "strong presumption in favor of openness" as to court proceedings and records. *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179). This presumption may be overcome only where "sealing is . . . 'essential

to preserve higher values' and is 'narrowly tailored' to serve such ends.'" *In re Search of Fair Fin.*, 692 F.3d 424, 429 (6th Cir. 2012) (quoting *Press-Enter.*, 478 U.S. at 9). The party seeking to limit public access to court proceedings or records bears the burden of overcoming the presumption of openness. *Shane Grp.*, 825 F.3d at 305 (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)).

As the Sixth Circuit more recently advised, the party seeking to seal documents or a court record must (1) detail the necessity and legal support for sealing, (2) explain why the need for privacy outweighs the public's right to access, and (3) ensure the request is limited in its scope. *Rudd Equip. Co.*, 834 F.2d at 594; *Shane Grp.*, 825 F.3d at 306. This ensures that there are sufficient conclusions to "justify nondisclosure to the public." *Rudd Equip. Co.*, 834 F.3d at 594 (citing *Brown & Williamson*, 710 F.2d at 1176). Local Rule 5.3 encompasses the requirements and procedures for moving to seal set forth in Supreme Court and Sixth Circuit precedent for civil and criminal matters in this District. *See* E.D. Mich. LR 5.3; E.D. Mich. LR 1.1(c) (indicating that "[t]hese rules apply in civil and criminal actions"); E.D. Mich. LCrR 1.1 (providing that "the general local rules apply to criminal actions").

**Analysis**

Defendant has met her burden of overcoming the presumption of openness with respect to the requested redactions in her sentencing memorandum and the

accompanying documents. The latter are comprised of letters of support from individuals who know Defendant in various capacities.

The Court first observes that the sentencing memorandum contains private and sensitive information pertaining to Defendant, her family, and other third parties, including Scott Seligman. Specific information on pages 2, 10, 12-3, 15-17 and 19-21 is highly personal and sensitive and entitled to protection. The privacy interest in the redacted portions on the referenced pages outweigh any public interest in disclosure. Moreover, the Court finds that the sealing is narrowly tailored to maintain the compelling interest of privacy. The Court is obligated to strike a balance between the public's interest in full disclosure of court proceedings and the interests of parties in keeping sensitive and even embarrassing information private. Case law instructs that, to do so, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane Grp.*, 825 F.3d at 308 (quoting *United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995)).

Private information pertaining to Defendant's health and medical conditions is set forth on pages 22 and 27. The Court finds no value in disclosing such information to the public, and the sealing of such information advances existing policies and laws requiring that personal health information be kept private. *See Doe v. Plymouth-Canton Cmty. Sch.*, No. 19-cv-10166, 2021 WL 5541939, at *2 (E.D. Mich. Jan 12, 2021).

Regarding the proposed redactions in Ex. A, the letters of support set forth at Tabs 1-4, 6-8 and 10-20 provide personal identifying information and a minor child's name. Defendant properly references Federal Rule of Criminal Procedure 49.1, which requires the redaction of personal identifying information. Accordingly, these proposed redactions are accepted by the Court.

Exhibit B is Defendant's letter to the Court. On pages 1-6, Defendant seeks the redaction of confidential and sensitive information about her youth, her family dynamic, and her relationship with Scott Seligman. The privacy interests with respect to this information outweigh any value that it has to the public. The Court has followed the directive of case law and weighed the privacy interests of innocent third parties against the public's right to know and Defendant's interest in keeping sensitive information private. As such, these proposed redactions are accepted by the Court.

On pages 4-5 there is confidential information pertaining to Defendant's health. For the reasons stated above, personal health information shall not be disclosed.

For the reasons articulated above, the Court **GRANTS** Defendant's motion to seal and permits the sentencing memorandum and accompanied documents to

remain filed with the redactions requested by Defendant.

**SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 30, 2024